UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE VELASQUEZ,

                            Plaintiff,

   -against-

THE CITY OF NEW YORK AND DETECTIVE JAMES
LOFRANCO,

                            Defendants.
------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No.   CV

      Plaintiff, by his attorney, Jason L. Lopez, as and for their complaint hereby alleges as follows:

### Parties

    1.    Plaintiff Jose Velasquez presently resides and is domiciled in the State of New York.

    2.    Upon information and belief defendant the City of New York (hereinafter "City") is a municipal corporation domiciled in the State of New York.

    3.    Upon information and belief, defendant New York City Detective, James Lofranco resides and is domiciled in the State of New York.

### Jurisdiction -Venue

    4.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York. This Court has subject matter jurisdiction over the federal claims

pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4) and supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. §1367.

5. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

General Allegations of Fact

6. Plaintiff Jose Velasquez presently resides in New York County.

7. At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

8. At all times relevant hereto, Detective James Lofranco was employed by the New York City Police department as a police detective. As such, Detective James Lofranco possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

9. On August 24, 2011 at approximately 1:00 p.m. plaintiff appeared at the request of Detective James Lofranco at the 1st Precinct, 16 Ericson Place, New York, NY 10013..

10. Thereafter Detective James Lofranco falsely arrested plaintiff. Plaintiff was held at the 1st precinct which was under the control of the New York City Police Department for several hours.

11. Plaintiff was subsequently transferred and detained at New York County Criminal Court for a period exceeding twenty-four hours.

**FIRST CAUSE OF ACTION**
VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

12. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 12.

with their false arrest and imprisonment of plaintiff.

13. At all times pertinent hereto the defendants acted under color of law in connection

14. That on August 24, 2011 the defendants wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York.

## SECOND CAUSE OF ACTION
### STATE CLAIMS OF GENERAL NEGLIGENCE

15. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15.

16. The defendant City was negligent in hiring, training, supervising and retaining defendant Detective James Lofranco.

### GENERAL DAMAGE

17. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17.

18. As a result of the actions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights.

19. As a result of the actions of the defendants set forth herein, the plaintiff was caused to suffer personal injuries including but not limited to shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy five thousand dollars ($75,000).

20. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

21. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21.

22. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

23. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23.

24. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

25. In addition, plaintiff seeks to recover the legal fees associated with the defense of the underlying criminal action that gave rise to this action.

26. That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants for adjustment and they have neglected and/or refused to make adjustments or payment thereof. That this action is not commenced more than one (1) year and ninety (90) days after the cause of action accrued; that prior to the commencement of this action, a General Municipal Law 50-h hearing was held of the plaintiff by the defendant on May 10, 2012.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
July 16, 2012

                            LAW OFFICE OF JASON LOPEZ
                            By: JASON L. LOPEZ

                            *Attorneys for Plaintiff*
                            325 Broadway, Suite 404
                            New York, NY 10007
                            (212) 964-4144

I, Jose Velasquez have read the foregoing complaint and believe the contents thereof to be true to the best of my knowledge other than those matters stated to be upon information and belief of which I believe the same to be true.

*[signature]*
JOSE VELASQUEZ

Sworn before me this 1(th
day of July 2012

*[signature]*
NOTARY PUBLIC

Jason L. Lopez
Notary Public, State of New York
No. 02LO6087319
Qualified in New York County
Commission Expires February 18, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JOSE VELASQUEZ,

Plaintiff, **Index No.** **CV**

-against-

THE CITY OF NEW YORK AND DETECTIVE JAMES LOFRANCO,

Defendants.

---------------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: July 16, 2012

Jason L. Lopez

Service of the within is hereby admitted
Dated:

Attorney(s) for